UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RICHARD I. AVIS,

    Petitioner,

v.                                          Case No. 1:23cv277-AW-HTC

RICKY DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Richard Irving Avis filed a petition under 28 U.S.C. § 2254, bringing eighteen (18) grounds challenging his convictions in the Eighth Judicial Circuit in Levy County, Florida.[1] Doc. 1. On May 24, 2024, the Secretary of the Florida Department of Corrections moved to dismiss eleven grounds as unexhausted.[2] Doc. 12. Upon consideration, the Secretary's motion should be granted and Grounds One, Six, Nine, Ten, Eleven, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen DISMISSED WITH PREJUDICE.

    **I.    FAILURE TO EXHAUST**

Before seeking a federal writ of habeas corpus, the petitioner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), by giving the State the

---

[1] Avis was convicted after a jury trial in the Eighth Judicial Circuit Court, Levy County, Florida, of three counts of sexual battery on a child between the ages of twelve and eighteen by a person in familial or custodial authority. Doc. 12-1 at 1 (Judgment in 2017 CF 588).

[2] Avis was allowed to respond to the motion and failed to do so.

"'opportunity to pass upon and correct' alleged violations of [his] federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). The petitioner must "fairly present" his claim in each appropriate state court (including appellate review), by alerting each court to the federal nature of the claim. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan*, *supra*, at 365-366; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Baldwin*, 541 U.S. at 29; *see also, Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1345 (11th Cir. 2004).

As will be relevant to this Report and Recommendation, Avis filed a direct appeal and three post-conviction motions: (1) a November 26, 2019, Florida Rule of Criminal Procedure 3.850 motion, Doc. 12-4; (2) an April 4, 2021, Florida Rule of Criminal Procedure 3.800 motion, Doc. 12-5; and (3) a July 7, 2021, Florida Rule of Criminal Procedure 3.850 motion, Doc. 12-6. These filings, however, were insufficient to exhaust the grounds at issue in the Secretary's motion because they were either (1) not fairly presented as federal claims; (2) not raised at all; (3) not appealed; or (4) found to be procedurally barred by the state court.

Case No. 1:23cv277-AW-HTC

## A. Ground One: Trial Court Erred in Overruling Defense Counsel's Objection to Nancy Day's Testimony

In Ground One, Avis argues the trial court erred in denying his counsel's objection to non-expert witness, Nancy Day's, "testimony about the conclusions from her evaluation of the named victim." Doc. 1 at 26. In the petition, Avis claims he exhausted this claim by raising it in his direct appeal and in his April 4, 2021, Rule 3.800 motion. *Id.* at 9-10. After reviewing the record, the undersigned finds Avis did not exhaust this issue on direct appeal and, although it was raised in the April 2021 Rule 3.800 motion, the state court denied relief on independent and adequate state procedural grounds. Thus, Ground One is procedurally defaulted.

In his initial brief on direct appeal, Avis argued "that the trial court erred in overruling defense counsel's objection to the testimony of Nancy Day, the State's witness from the Child Protection Team (CPT)." Doc. 12-2 at 9. In presenting this argument to the state court, however, Avis relied exclusively on state law and made only brief, unsupported references to federal rights. *Id.* at 10-17. Avis cites and discusses only Florida cases and relies on the Florida Statutes as the basis for relief. He does not mention federal law, the United States Constitution, or federal due process. Thus, Avis has not fairly presented his federal claims to the state courts. *See Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1296-97 (11th Cir. 2015) (petitioner's due process claim was unexhausted where he did not cite to the Constitution or even mention "due process" before the state courts); *McNair v.*

*Campbell*, 416 F.3d 1291 (11th Cir. 2005) (petitioner's claim was unexhausted where his brief focused on state law and made only two passing references to federal law).

Avis also raised this claim in his April 2021 Rule 3.800 motion. However, he is not entitled to federal habeas review because the state court denied relief on procedural reasons. Doc. 12-8. Specifically, the state court denied relief because "[i]ssues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack." Doc. 12-8 at 3 (citing *Johnson v. State*, 593 So. 2d 206, 208 (Fla. 1992) and *Jones v. State*, 446 So. 2d 1059, 1061-62 (Fla. 1984)). The state court, thus, did not reach the merits of the claim. Doc. 12-8.

When the state court rejects a petitioner's claim on an adequate state ground independent of the federal question (such as a state-law procedural bar), the claim is considered procedurally default and not subject to federal review. *See Coleman v. Thompson*, 501 U.S. 722, 734-35 & n.1 (1991) (federal habeas courts will consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default); *see also, Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("claims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts"). Thus, this Court cannot grant relief on the claim. *See Cargile v. Sec'y, Dep't of Corr.*, 349 F. App'x 505, 507-08 (11th Cir. 2009) (claims raised in state habeas petitions

Case No. 1:23cv277-AW-HTC

that were dismissed as unauthorized were procedurally defaulted from federal habeas review); *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1260 (11th Cir. 2005) (3.850 court's refusal to consider the defendant's issues that could have been raised on direct appeal as procedurally barred rested on an independent and adequate state ground that precludes federal habeas consideration of this issue.). Avis is not entitled to relief on Ground One, and because it is procedurally defaulted, it should be dismissed with prejudice.

  **B. Grounds Six, Nine, Ten and Eleven**

  In Ground Six, Avis argues his rights under the Sixth and Fourteenth Amendments were violated because the evidence was insufficient to establish guilt beyond a reasonable doubt. In Ground Nine, he argues the State did not prove every element of the offenses. In Ground Ten, he argues the trial judge was biased. In Ground Eleven, he argues the prosecutor obtained the convictions by misstating facts. The Secretary argues that Avis is barred from bringing these claims in his federal petition because he did not raise them on direct appeal or in his Rule 3.850 motions and, although raised in his Rule 3.800 motion, the state court denied relief on an independent and adequate state procedural bar. Doc. 12 at 4-6. The undersigned agrees.

  Avis did not raise these claims in his direct appeal. Instead, that appeal raised only one issue: "The trial court erred in overruling defense counsel's objection to Nancy Day's testimony." Doc. 12-2 at 2. Likewise, Avis did not raise these claims

Case No. 1:23cv277-AW-HTC

in the November 26, 2019, Rule 3.850 motion, Doc. 12-4, which brought three claims of ineffective assistance of trial counsel ("IATC"): (1) failure to argue theory of victim's mother inducing victim to fabricate accusations; (2) failure to impeach victim with prior statement to law enforcement; and (3) coercing Avis to plead guilty in 2017 CF 562 to charges involving a younger sister. Also, he did not raise these grounds in his July 7, 2021, Rule 3.850 motion, Doc. 12-6, which raised six claims of IATC: (1) failure to investigate, depose, subpoena or call witnesses; (2) failure to properly advise during plea negotiations; (3) failure to object to improper jury instructions; (4) failure to object to double jeopardy violation; (5) failure to cite statutes and cases when objecting to Nancy Day's testimony; and (6) cumulative IATC.

Thus, the only state postconviction motion in which he raised issues similar to Grounds Six, Nine, Ten, and Eleven was his April 4, 2021, Rule 3.800 motion. The corresponding state grounds in that motion were Grounds Three, Six, Seven, and Eight, respectively. Doc. 12-8. However, the state court concluded those grounds were procedurally barred because they are "[i]ssues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack." Doc. 12-8 at 3. Therefore, as with Ground One, because the state court's dismissal was based on a state procedural bar, independent of the merits, the claims are procedurally defaulted. *See LeCroy*, 421 F.3d at 1260. Avis is not entitled to relief.

### C. Grounds Thirteen through Eighteen

In Grounds Thirteen through Eighteen, Avis brings six claims of IATC: (13) failure to investigate, depose, subpoena or call witnesses; (14) failure to properly advise during plea negotiations; (15) failure to object to improper jury instructions; (16) failure to object to double jeopardy violation; (17) failure to cite statutes and cases when objecting to Nancy Day's testimony; and (18) cumulative IATC. Doc. 1 at 49-60. The Secretary argues these grounds are unexhausted because although Avis raised them in the July 7, 2021, Rule 3.850 motion, he never appealed the state court's denial of relief on that motion. Doc. 12 at 7. Once again, the undersigned agrees.

A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan*, 526 U.S. at 845. This requirement includes appealing the denial of a postconviction motion. *See Baker v. Dep't of Corr., Sec'y*, 634 F. App'x 689, 692 (11th Cir. 2015) (finding double jeopardy claim was not exhausted in state court because Baker abandoned it on appeal of his 3.850 motion's denial and, thus, did not raise the claim throughout one round of Florida's established appellate review process). While Avis appealed the denial of his April 4, 2021, 3.800 motion, Doc. 12-12, he did not appeal the denial of his second 3.850 motion. Therefore, those claims were not fully exhausted, and Avis is not entitled to relief.

Finally, although a procedural default may not bar federal review where there has been cause and prejudice, Avis has abandoned any claim of cause and prejudice or actual innocence by failing to raise them in his petition and failing to respond to the motion to dismiss. *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005); *Kuenzel v. Comm'r, Ala. Dep't of Corr.*, 690 F.3d 1311, 1312–13 (11th Cir. 2012) (finding petitioner's claims procedurally barred and not excused because "he has made no attempt to demonstrate cause for—or prejudice from—his default" and "cannot obtain relief without properly supporting a claim of actual innocence"); *Rules Governing Habeas Corpus Cases Under Section 2254*, Rule 2(b) ("The motion must (1) specify all the grounds for relief available to the moving party" and "(2) state the facts supporting each ground").

## II. CONCLUSION

For the reasons given above, Grounds One, Six, Nine, Ten, Eleven, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen should be dismissed as unexhausted or procedurally defaulted. The undersigned also finds that an evidentiary hearing is not warranted as to these claims. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Here, because the record is clear that these grounds of Avis' petition are unexhausted, an evidentiary hearing is not warranted.

Case No. 1:23cv277-AW-HTC

Accordingly, it is respectfully RECOMMENDED:

1. That the Motion to Dismiss, Doc. 12, be GRANTED and Grounds One, Six, Nine, Ten, Eleven, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen of the petition be DISMISSED WITH PREJUDICE as unexhausted and procedurally barred.

2. That the matter be referred back to the undersigned for proceedings on the remaining claims.

At Pensacola, Florida, this 2nd day of August, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.